IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,     )
                           )
          Plaintiff,      )
                           )
  v.                    )   CASE NO.
                           )
MICHAEL P. FOGARTY and   )
KAREN C. FOGARTY,       )
                           )
         Defendants.   )
                           )

## COMPLAINT FOR FEDERAL TAXES

COMES NOW the United States of America and complains and alleges against the defendants as follows:

1.    This is a civil action in which the United States seeks to reduce to judgment the tax assessments made against the defendants, Michael P. and Karen C. Fogarty, for unpaid federal income taxes and statutory additions to tax for tax years 2004 through 2008, as well as tax penalties for several periods between 1998 and 2003.

### JURISDICTION & VENUE

2.    This civil action is commenced at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

3.    Jurisdiction is conferred upon this Court pursuant to 26 U.S.C. § 7402, and 28 U.S.C. §§ 1331, 1340 and 1345.

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 1396.

1

5.      The plaintiff is the United States of America.

6.      The defendants, Michael P. Fogarty and Karen C. Fogarty, are husband

and wife.

7.      Michael P. and Karen C. Fogarty reside at 43 Charter Oaks Drive,

Newtown Square, Pennsylvania, which is within this judicial district.

## COUNT I

### REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT AGAINST MICHAEL P. AND KAREN C. FOGARTY

8.      The United States incorporates paragraphs 1 through 7 of the complaint

as if fully set forth herein.

9.     In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made assessments of federal income tax and statutory additions to tax against the defendants, Michael P. and Karen C. Fogarty, as follows:

| Tax Year | Assessment Date | Amount Assessed |
|----------|-----------------|-----------------|
| 2004 | August 11, 2008 | $11,258.11 |
| 2005 | August 4, 2008 | $11,135.53 |
| 2006 | August 4, 2008 | $11,467.39 |
| 2007 | August 4, 2008 | $12,624.46 |
| 2008 | July 13, 2009 | $7,576.28 |

10.     Notices of the tax assessments described in the preceding paragraph, along with demands for payment of the assessments, were properly and timely given to Michael P. and Karen C. Fogarty in accordance with 26 U.S.C. § 6303, but Michael P. and Karen C. Fogarty failed or refused to pay the full amounts of their federal income tax liabilities.

11.     Despite notice and demand for payment of the assessments described in paragraph 9 above, Michael P. and Karen C. Fogarty have failed to pay the full amounts due and owing, and there remains due and owing to the United States the sum of $60,929.36, as of June 10, 2012, plus statutory additions accruing after that date.

12.     By reason of the tax assessments described in paragraph 9 above, federal tax liens arose by operation of law and attached to all property and rights to property then owned or thereafter acquired by the defendants, Michael P. and Karen C. Fogarty.

3

WHEREFORE, the United States of America prays:

A.     That the Court render judgment in favor of the United States of America and against the defendants, Michael P. and Karen C. Fogarty, in the amount of $60,929.36, plus statutory additions accruing from June 10, 2012, until paid; and

B.     That the Court award the United States of America such further relief, including the costs of this action, that the Court finds just and proper.

## COUNT II

### REDUCE TAX PENALTY ASSESSMENTS TO JUDGMENT AGAINST MICHAEL P. FOGARTY

13.     The United States incorporates paragraphs 1 through 12 of the complaint as if fully set forth herein.

14.     In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made assessments of federal tax penalties against Michael P. Fogarty under 26 U.S.C. § 6672 as follows:

| Tax Period | Assessment Date | Amount Assessed |
|---|---|---|
| 2d Quarter 1998 | June 13, 2002 | $3,636.53 |
| 3d Quarter 1998 | June 13, 2002 | $3,769.28 |
| 4th Quarter 1998 | June 13, 2002 | $3,786.09 |
| 1st Quarter 1999 | June 13, 2002 | $2,465.67 |
| 2d Quarter 1999 | June 13, 2002 | $2,802 |
| 3d Quarter 1999 | June 13, 2002 | $3,243.49 |
| 4th Quarter 1999 | June 13, 2002 | $3,247.50 |
| 2d Quarter 2001 | November 10, 2003 | $4,688.23 |
| 3d Quarter 2001 | November 10, 2003 | $4,951.39 |
| 4th Quarter 2001 | November 10, 2003 | $4,893.71 |
| 1st Quarter 2002 | November 10, 2003 | $4,560.84 |
| 2d Quarter 2002 | November 10, 2003 | $4,793.01 |
| 3d Quarter 2002 | November 10, 2003 | $4,725.21 |
| 4th Quarter 2002 | November 10, 2003 | $4,680.12 |
| 1st Quarter 2003 | November 10, 2003 | $3,627.50 |

15.     On information and belief, Michael P. Fogarty was a person responsible for collecting, truthfully accounting for, and paying over to the United States the

5

federal employment taxes withheld from the wages of employees of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

16.     On information and belief, Michael P. Fogarty was the vice president of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

17.     On information and belief, Michael P. Fogarty had authority to sign checks of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

18.     On information and belief, Michael P. Fogarty had authority to sign tax returns of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

19.     On information and belief, Michael P. Fogarty was primarily responsible for managing the financial affairs of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

20.     On information and belief, Michael P. Fogarty willfully failed to collect, or truthfully account for and pay over to the United States, the federal employment taxes withheld from the wages of employees of Fogarty Designs Inc. during the taxable quarters listed in paragraph 14 above.

21.     On information and belief, notices that Michael P. Fogarty would be subject to assessment of the penalties described in paragraph 14 above were properly and timely sent to Michael P. Fogarty in accordance with 26 U.S.C. § 6672.

22.     Notices of the tax assessments described in paragraph 14 above, along with demands for payment of the assessments, were properly and timely sent to

6

Michael P. Fogarty in accordance with 26 U.S.C. § 6303, but Michael P. Fogarty failed to pay the tax penalties.

23.    Despite notice and demand for payment of the assessments described in paragraph 14 above, Michael P. Fogarty has failed or refused to pay the full amount due and owing, and there remains due and owing to the United States the sum of $97,398.17, as of June 10, 2012, plus statutory additions accruing after that date.

24.    By reason of the tax assessments described in paragraph 14 above, federal tax liens arose by operation of law and attached to all property and rights to property then owned or thereafter acquired by defendant Michael P. Fogarty.

WHEREFORE, the United States of America prays:

C.    That the Court render judgment in favor of the United States of America and against the defendant Michael P. Fogarty in the amount of $97,398.17, plus statutory additions accruing from June 10, 2012, until paid; and

D.    That the Court award the United States of America such further relief, including the costs of this action, that the Court deems just and proper.

7

## COUNT III

## REDUCE TAX PENALTY ASSESSMENTS TO JUDGMENT
## AGAINST KAREN C. FOGARTY

25.     The United States incorporates paragraphs 1 through 24 of the complaint as if fully set forth herein.

26.    In accordance with 26 U.S.C. § 6203, a delegate of the Secretary of the Treasury of the United States made assessments of federal tax penalties against Karen C. Fogarty under 26 U.S.C. § 6672 as follows:

| Tax Period | Assessment Date | Amount Assessed |
|---|---|---|
| 2d Quarter 1998 | June 13, 2002 | $3,636.53 |
| 3d Quarter 1998 | June 13, 2002 | $3,769.28 |
| 4th Quarter 1998 | June 13, 2002 | $3,786.09 |
| 1st Quarter 1999 | June 13, 2002 | $2,465.67 |
| 2d Quarter 1999 | June 13, 2002 | $2,802 |
| 3d Quarter 1999 | June 13, 2002 | $3,243.49 |
| 4th Quarter 1999 | June 13, 2002 | $3,247.50 |
| 2d Quarter 2001 | November 10, 2003 | $4,688.23 |
| 3d Quarter 2001 | November 10, 2003 | $4,951.39 |
| 4th Quarter 2001 | November 10, 2003 | $4,893.71 |
| 1st Quarter 2002 | November 10, 2003 | $4,560.84 |
| 2d Quarter 2002 | November 10, 2003 | $4,793.01 |
| 3d Quarter 2002 | November 10, 2003 | $4,725.21 |
| 4th Quarter 2002 | November 10, 2003 | $4,680.12 |
| 1st Quarter 2003 | November 10, 2003 | $3,627.50 |

27.    On information and belief, Karen C. Fogarty was a person responsible for collecting, truthfully accounting for, and paying over to the United States the federal

employment taxes withheld from the wages of employees of Fogarty Designs Inc. during the taxable quarters listed in paragraph 26 above.

28.     On information and belief, Karen C. Fogarty was the president of Fogarty Designs Inc. during the taxable quarters listed in paragraph 26 above.

29.     On information and belief, Karen C. Fogarty had authority to sign checks of Fogarty Designs Inc. during the taxable quarters listed in paragraph 26 above.

30.     On information and belief, Karen C. Fogarty was ultimately responsible for overseeing the financial affairs of Fogarty Designs Inc. during the taxable quarters listed in paragraph 26 above.

31.     On information and belief, Karen C. Fogarty willfully failed to collect, or truthfully account for and pay over to the United States, the federal employment taxes withheld from the wages of employees of Fogarty Designs Inc. during the taxable quarters listed in paragraph 26 above

32.     On information and belief, notices that Karen C. Fogarty would be subject to assessment of the penalties described in paragraph 26 above were properly and timely sent to Karen C. Fogarty in accordance with 26 U.S.C. § 6672.

33.     Notices of the tax assessments described in paragraph 26 above, along with demands for payment of the assessments, were properly and timely sent to Karen C. Fogarty in accordance with 26 U.S.C. § 6303, but Karen C. Fogarty failed to pay the tax penalties.

34.     Despite notice and demand for payment of the assessments described in paragraph 26 above, Karen C. Fogarty has failed or refused to pay the full amount due

and owing, and there remains due and owing to the United States the sum of $97,398.17, as of June 10, 2012, plus statutory additions accruing after that date.

35.    By reason of the tax assessments described in paragraph 26 above, federal tax liens arose by operation of law and attached to all property and rights to property then owned or thereafter acquired by defendant Karen C. Fogarty.

WHEREFORE, the United States of America prays:

E.    That the Court render judgment in favor of the United States of America and against the defendant Karen C. Fogarty in the amount of $97,398.17, plus statutory additions accruing from June 10, 2012, until paid; and

F.    That the Court award the United States of America such further relief, including the costs of this action, that the Court finds just and proper.

DATED: June 12, 2012.

ZANE D. MEMEGER
United States Attorney

KATHRYN KENEALLY
Assistant Attorney General
Tax Division

W. BRADLEY RUSSELL
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0854

11